JOHN G. HILL *et al. vs.* THE COMMISSIONERS OF FORSYTHE COUNTY.

An act of the General Assembly, authorizing the people of a County to take stock in a Railroad Company, and to determine the question by a popular vote, and tax themselves to pay for it, is constitutional.

[*Taylor* v. *Commissioners of Newbern.* 2 Jones Eq. 141; *Caldwell* v. *Justices of Burke,* 4 Jones Eq. 323, cited and approved.]

Motion to vacate an injunction, heard before *Cloud, J.,* at ———— Term of FORSYTHE Superior Court.

This was an application on the part of the plaintiffs, who represented themselves as tax payers and property holders of the county of Forsythe, in behalf of themselves and others, asking for an injunction against the defendants, to restrain them from the imposition and collection of certain taxes, to pay instalments due upon a subscription made by the county of Forsythe to the North Western North Carolina Railroad Company. The following facts were found by the presiding Judge. "A majority of the justices of the peace were present at the court house in Winston, on the 25th day of march, 1868, and made an order to submit the question of subscription to the qualified voters of the county, on the 4th day of April, 1868, and directed the sheriff to open the polls on that day.

That notice of this election was published in two newspapers, printed and circulated in that county; that said election was held at the time appointed, and at the usual places for holding elections in said county, and due return of the result of the voting was made to June Term of the County Court; that a majority of the justices of the county were present, and on

NOTE.—The case of *Simonton* v. *The Commissioners of Burke,* involving the same question, was decided at this term, and for the same reasons judgment was given for the plaintiff.

the bench at the said June Term, concurring in the orders made ; that a large majority of the qualified voters of the county did vote on the question of subscription, and that a majority of the said votes were cast in favor of subscription ; that a subscription of 1,000 shares of stock was made, by the agent of the county appointed for that purpose on the — day of June, 1868 ; that the defendants have laid taxes to pay the instalments due upon the subscription made to the North Western North Carolina Railroad Company for the years 1870–'71.

Upon the foregoing state of facts the injunction, theretofore granted, was vacated by his Honor. Whereupon the plaintiffs appealed to the Supreme Court.

Several errors were assigned. The chief one and the only one discussed by the Court is, " That the injunction was dissolved, and defendants allowed to collect the taxes, without any constitutional power in the legislature to authorize the subscription, and without a sufficient compliance with the acts of the General Assembly in that case made and provided."

*Scales & Scales* and *Dillard & Gilmer*, for plaintiffs.
*Clement, Masten* and *Batchelor*, for defendants.

READE, J. The main question is, whether the Legislature has the power to authorize the people of a county to take stock in a railroad, and to determine the question by a popular vote, and to tax themselves to pay for it. The Legislature in 1852 authorized the town of Newbern to take stock in the Neuse River Navigation Company, for the use of the town, and to issue bonds, and to levy a tax upon the property holders of the town to pay them. One of the tax payers filed a bill to enjoin the collection of the tax, upon the ground that the act of the Legislature was unconstitutional. The question was fully argued and well considered, and the decision was in favor of the constitutionality of the act. *Taylor* v. *Comrs.* of *Newbern*, 2 Jones, Eq. 141.

HILL *et al. v.* COMMISSIONERS OF FORSYTHE CO.

And again, in 1855, the Legislature chartered the Western North Carolina Railroad Company, and authorized any county through which the road might pass to take stock, if a majority of the justices of the peace and a majority of the voters should so determine, and to issue bonds and to levy a tax, &c. The county of Burke took stock, and one of the tax payers filed a bill to enjoin, upon the ground that the act was unconstitutional. But this Court decided in favor of the constitutionality of the act, and, in the opinion, it is said: " In accordance with these views, is the case of *Taylor* v. *New Berne,* (*supra*); so that the question may be said to be settled here." *Caldwell* v. *Justices of Burke,* 4 Jones Eq. 323. The defendants' counsel cited also decisions in most of our sister States to the same effect. So that we repeat, what was said in *Caldwell* v. *Justices of Burke,* that the question is settled. We suppose that the plaintiffs' counsel felt at liberty to treat it as an open question, because, in *Caldwell* v. *Justices of Burke,* there was a dissenting opinion by the present Chief Justice; but the Court was unanimous upon this point. The dissenting opinion was only as to the power of a second vote of the people, after they had rejected the proposition by a former vote.

There are divers other points in the complaint which seem to be unfounded, and besides they are unimportant. The main thing, the people's will, seems to have been fairly obtained. The stock was taken ; bonds were issued ; rights have vested ; taxes have been levied and a portion of the installments have been paid, and taxes are now laid to pay other installments. The Board of Commissioners, who may be supposed to represent the popular will, are anxious to meet the obligations incurred, and the Court will not allow technical and frivolous objections, calculated to impair the public faith, to avail a *few,* who are indulged with the privilege of suing for a *class.* Only their substantial rights will be considered.

We agree with his Honor, that the injunction ought to have been dissolved.

There is no error.    This will be certified, &c.

*Simonton* v. *Commissioners of Burke*, at this Term.

PER CURIAM.                    Judgment affirmed.